United States District Court

Northern District of California

| | |
|---|---|
| ANTHONY MARVELL SEMIEN,<br><br>Plaintiff,<br><br>v.<br><br>CORY SPEAKER, Badge #47595,<br><br>Defendant. | Case No.: C 12-0316 CW (PR)<br><br>ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket no. 2) |

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by a correctional officer at PBSP.  His motion for leave to proceed in forma pauperis has been granted.

## DISCUSSION

I.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

//

II.     Plaintiff's Claim

Plaintiff alleges that on March 24, 2011, when he was being transported from a holding cage to another cell, Defendant PBSP Correctional Officer Cory Speaker used unlawful and

excessive force against him for no reason.  When Plaintiff's allegations are construed liberally, he states a cognizable claim against Speaker for the unlawful use of excessive force, in violation of the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)(Eighth Amendment is violated when force is applied maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline).

III.     Motion for Appointment of Counsel

Together with his complaint, Plaintiff has filed a motion requesting the appointment of counsel.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525.  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist at this time.  The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex.  Accordingly, the request for appointment of counsel is DENIED without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's motion for appointment of counsel is DENIED.  Docket no. 2.

2.      Plaintiff states a cognizable excessive force claim.

The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all

United States District Court
Northern District of California

2

1    attachments thereto and a copy of this Order to Correctional Officer Cory Speaker, Badge #45795

2    at Pelican Bay State Prison.

3            The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to

4    the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of

5    this Order to Plaintiff.

6            3.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

7    him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant

8    to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of

9    Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of

10   such service unless good cause be shown for his failure to sign and return the waiver form.  If

11   service is waived, this action will proceed as if Defendant had been served on the date that the

12   waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve

13   and file an answer before sixty days from the date on which the request for waiver was sent.

14   (This allows a longer time to respond than would be required if formal service of summons is

15   necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that

16   more completely describes the duties of the parties with regard to waiver of service of the

17   summons.  If service is waived after the date provided in the Notice but before Defendant has

18   been personally served, the Answer shall be due sixty days from the date on which the request for

19   waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

20           4.      Defendant shall answer the complaint in accordance with the Federal Rules of

21   Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

22                   a.      No later than ninety-one days from the date his answer is due, Defendant

23   shall file a motion for summary judgment or other dispositive motion.  If Defendant files a motion

24   for summary judgment, it shall be supported by adequate factual documentation and shall

25   conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that

26   this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date

27   the summary judgment motion is due.  All papers filed with the Court shall be promptly served on

28   Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

b.      Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than fifty-six days after the date on which Defendant's motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.      Defendant shall file a reply brief no later than twenty-eight days after the date Plaintiff's opposition is filed.

d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.      All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

8.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen</u> days prior to the deadline sought to be extended.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

Dated:   8/7/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California